Filed 12/11/14  P. v. Delacruz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039109 & H039282 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS120582 & SS120567) |
| v. | |
| WILLIAM DELACRUZ, | |
| Defendant and Appellant. | |

Defendant William Delacruz brings two appeals to this court.  In case number H039109, defendant asserts there was insufficient evidence to support the jury's finding that his prior conviction for battery with serious bodily injury, pursuant to Penal Code section 243, subdivision (d),[1] was a serious felony pursuant to section 1170.2, subdivision (c)(1).

In H039282, defendant argues he was denied effective assistance of counsel because his counsel advised him to admit that his prior conviction for battery with serious bodily injury was a serious felony pursuant to section 1170.2, subdivision (c)(1). Defendant asserts he was prejudiced by the admission, because there was insufficient evidence that his prior was a serious felony.

---

[1] All further unspecified statutory references are to the Penal Code.

In conjunction with two appeals, defendant filed a petition for writ of habeas corpus in case number H040287.  In the petition, defendant argued his prior conviction did not constitute a serious felony.  We issued an order to show cause, returnable to the trial court.  We stayed the two appeals pending the outcome of the hearing in superior court.

The Monterey Superior Court held a hearing on the petition for habeas corpus on July 2, 2014, and found defendant's 1993 prior conviction for battery with serious bodily injury was not a serious felony within the meaning of section 1170.12, subdivision (c)(1).

## STATEMENT OF THE CASE[2]

### Case Number H039282

On March 21, 2012, defendant was charged by information with possession of heroin for sale, in violation of Health and Safety Code section 11351.  The information also alleged defendant had a prior conviction of a serious felony (§ 1170.12, subd. (c)(1).)

In September 2012, defendant filed a *Romero* motion to strike the prior serious felony allegation.  The court denied the motion.  In October 2012, defendant pleaded no contest to possession for sale of heroin and admitted that his prior conviction for battery with serious bodily injury constituted a strike.

### Case Number H039109

On March 30, 2012, defendant was charged by information with possession of heroin for sale in violation of Health and Safety Code section 11351.  The information also alleged defendant was on probation when he committed the offense (§ 12022.1), and that he had a prior conviction of a serious felony (§ 1170.12, subd. (c)(1)).

Defendant filed a motion pursuant to section 1385 requesting that the court dismiss his prior serious felony conviction, which the court denied.

---

**2** The underlying facts are omitted because they are not relevant to the issues on appeal.

2

Defendant's case proceeded to jury trial, and the court granted defendant's request to bifurcate the trial of his prior serious felony conviction, and his on-bail enhancement allegation. The jury convicted defendant of possessing heroin for sale. Immediately thereafter, during the bifurcated trial on the enhancements, the jury found both the prior serious felony and the on-bail allegation to be true.

A sentencing hearing for both the jury trial case and the plea was held on December 5, 2012. The court denied defendant probation, and sentenced him to prison for the lower two-year term for possession for sale of heroin, doubled pursuant to the strike, plus a two-year term for the on-bail enhancement, for a total sentence of six years.

## DISCUSSION

The issue of whether defendant's prior conviction for battery with serious bodily injury constitutes a serious felony within the meaning of section 1170.2, subdivision (c)(1) has already been considered in the trial court following this court's issuance of an order to show cause on defendant's petition for writ of habeas corpus. We take judicial notice of the trial court's finding that defendant's prior is not a strike.

Moreover, following our issuance of an order to show cause, the People filed a memorandum in the trial court stating that there was insufficient evidence to support the finding that defendant's prior conviction for battery with serious bodily injury was a strike. We accept the People's argument on the order to show cause in the trial court as a concession on the issue.

Therefore, the only remaining issue for our consideration is defendant's argument that he was denied effective assistance of counsel during his plea when he admitted that his prior conviction was a strike. Defendant does not seek to withdraw his plea to the crimes charged; rather, he seeks to vacate his admission that the prior conviction constituted a strike.

3

Defendant's argument that he was denied effective assistance of counsel is not asserted in his two appeals; rather, it was made in his petition of habeas corpus. Defendant requests that we incorporate these arguments from the habeas petition into his appeals. We consider these arguments for the purpose of his appeals, without reference to additional evidence accompanying the habeas petition.

We apply the two-part *Strickland v. Washington*[3] test to defendant's challenge to his admission based on ineffective assistance of counsel. (*Hill v. Lockhart* (1985) 474 U.S. 52, 58.) To prevail on an ineffective assistance claim under *Strickland, supra,* 466 U.S. 668, a defendant must show deficient performance of counsel and prejudice. (*Id.* at p. 687.) To establish deficient performance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." (*Id.* at p. 688.)

In order to establish he was prejudiced by counsel's mistake, defendant must show that is counsel's ineffective performance "affected the outcome of the plea process." (*Hill v. Lockhart, supra*, 474 U.S. at p. 59.) "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty . . . ." (*Ibid.*, fn. omitted.)

Here, there is no question defendant suffered ineffective assistance of counsel at the time of his plea. Defendant's counsel's performance fell below "an objective standard of reasonableness," because she advised him to admit that his prior conviction for battery with serious bodily injury was a serious felony within the meaning of section 1170.1, subdivision (c)(1) when there was insufficient evidence to support that finding (*Strickland, supra,* 466 U.S. at pp. 687-688.) Had defendant's trial counsel properly reviewed the evidence and conducted adequate legal research, she would have

---

[3] *Strickland v. Washington* (1984) 466 U.S. 668 (*Strickland*).

determined that the prior was not in fact a strike, and would not have advised defendant to admit the prior as part of his plea.

Moreover, defendant's admission to the strike was prejudicial to him, because but for counsel's error in advising him to admit the prior, defendant would not have made such admission.

Because defendant suffered ineffective assistance of counsel in admitting his prior conviction for battery with serious bodily injury was a strike, his strike conviction must be vacated, and the matter must be remanded to the trial court for resentencing.

## DISPOSITION

The judgment is reversed.

In case number H039282, defendant's admission that his prior conviction for battery with serious bodily injury was a serious felony within the meaning of section 1170.12, subdivision (c)(1) is vacated. The matter is remanded to the trial court for resentencing.

In case number H039109, the jury's finding that defendant's conviction for battery with serious bodily injury was a serious felony within the meaning of section 1170.12, subdivision (c)(1) is stricken. The matter is remanded to the trial court for resentencing.

5

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

6